IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID SEWELL,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>R. TRIMBLE, Warden, Pleasant Valley State Prison,<br><br>　　　　　　Respondent. | No. 2:11-cv-01476-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 25] |

　　　　At Docket No. 25, Michael David Sewell, a state prisoner appearing *pro se*, filed an untitled document that this Court treats as a timely motion for reconsideration of this Court's decision denying Sewell's Petition for a Writ of Habeas Corpus.[1]  In that motion, Sewell appears to suggest that he did, in fact, file a Traverse.  The records of this Court indicate that Sewell requested and was granted an extension of thirty (30) days to file his Traverse.[2]  As was noted in the Court's Memorandum Decision,[3] although Sewell did not file a Traverse within that thirty-day period, nearly ten months later Sewell filed a document entitled "Posthaste Modification of Sentencing Restitution Fine and/or Strike Restitution Fine Points & Authorities in Support Thereof (With Declaration)."[4]  That Document bears a court caption for the Superior Court State

---

[1] *See* Fed. R. Civ. P. 59(e).

[2] Docket Nos. 18, 19.

[3] Docket No. 23.

[4] Docket No. 22.

of California, County of Sacramento, but bears the case file number of this court. Nothing in that document is relevant to the Petition filed in this Court.

There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[5] A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[6]

In his current motion, other than to claim that he filed a Traverse at some unknown date, Sewell provides no reason for this Court to reconsider its earlier decision. In particular, Sewell does not present any newly discovered evidence or point to any intervening change in controlling law, nor does he claim there was manifest error of law or fact or that reconsideration is necessary to prevent a manifest injustice. Having reviewed its Memorandum Decision, the Court can find no basis upon which to either modify or vacate it. Accordingly,

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 25 is **DENIED**.

---

[5] *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *see also Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995).

[6] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting Wright et al., *supra*, § 2810.1).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[7]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[8]

Dated: July 10, 2013.

                                              /s/ James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              United States District Judge

---

[7] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 325, 327 (2003))).

[8] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.